# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC ANDERSON Individually and as Executor of the Estate of Merle Anderson, | | |
| Plaintiff, | | No. 18-CV-2008 MWB |
| vs. | | **ORDER** |
| EVANGELICAL LUTHERN GOOD SAMARITAN SOCIETY, THE d/b/a EVANGELICAL LUTHERN GOOD SAMARITAN SOCIETY d/b/a/ GOOD SAMARITAN SOCIETY-WEST UNION, | | |
| Defendant. | | |

_____

The matter before the court is Defendant's Motion for Confidentiality and Protective Order filed December 5, 2018. (Doc. 41). Also before the Court is Plaintiff's Response to Defendant's Motion for Confidentiality and Protective Order filed December 14, 2018. (Doc. 42).

## DISCUSSION

Defendant seeks to protect from unnecessary disclosure beyond this litigation items it considers confidential and proprietary, including policies and procedures, job descriptions, training materials, budgetary data, information from an outside consultant and proprietary information regarding Defendant's electronic recordkeeping system. (Doc. 41, ¶ 2). Plaintiff objected to "any proposal that allows blanket ability to designate some material confidential and shifts the burden onto Plaintiffs [sic] to disprove the claim." (Doc. 42, ¶ 7). In support of his resistance, Plaintiff cites, among other things,

Iowa Rules of Civil Procedure 1.504(1). Plaintiff does not indicate the specific language of the proposed protective order he finds objectionable. Plaintiff does not propose alternative language.

Paragraph 5 of the proposed protective order permits Defendant to designate "Protected Information" by producing documents marked "Confidential Pursuant to Court Order." Paragraph 13 of the proposed order allows a party to object to such designation by applying to the Court for a ruling that the document should not be treated as confidential. This seems to be a reasonable and usual arrangement that will allow documents to be exchanged and their confidential nature later challenged. Plaintiff does not suggest any alternative that would permit the exchange of documents without allowing Defendant to make such a designation prior to sharing documents. Of course, if Defendant fails to designate confidential documents without a good faith basis for doing so, the Court can address that issue at a later time.

## CONCLUSION AND ORDER

I find there is good cause to issue an order to protect Defendant from being required to produce trade secret or other confidential research, development or commercial information under Federal Rule of Civil Procedure 26(c)(1)(G). I further find that the proposed protective order is adequate for the purposes of permitting discovery while protecting Defendant's confidential interests in the documents produced. The Court will therefore enter the Confidentiality and Protective Order as proposed by Defendant.

**IT IS SO ORDERED** this 21st day of December, 2018.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa